**Donald W. RIEGLE, Jr., Plaintiff,**

v.

**FEDERAL OPEN MARKET COMMITTEE et al., Defendants.**

**Civ. A. No. 79–1703.**

United States District Court,
District of Columbia.

Oct. 26, 1979.

As Corrected Nov. 9, 1979.

---

1. The minority viewpoint provides that Rule 6(a) applies to procedural actions only after the commencement of suit. *Joint Council Dining Car Employees Local 370 v. Delaware, L. & W. R. Co.*, 157 F.2d 417, 420 (2d Cir. 1949). The limitations period is viewed as substantive law which cannot be altered by procedural rules. *See id. See generally* Wright & Miller, FEDER-AL PRACTICE AND PROCEDURE: CIVIL: § 1163 (1969).

2. There is a question as to whether Fed.R. Civ.P. 6(a) applies *to state statute of limitations* when actions are filed in federal court pursuant to diversity jurisdiction. *See* Wright and Miller, *supra*.

Grasty Crews, II, Washington, D. C., for plaintiff.

Dennis G. Linder, Lewis K. Wise, Dept. of Justice, Washington, D. C., for defendants.

### ORDER

GESELL, District Judge.

Plaintiff, a United States Senator from Michigan, seeks injunctive relief from a statute authorizing allegedly unconstitutional appointments to the Federal Open Market Committee ("FOMC"), a component of the Federal Reserve System. The matter is before the Court on plaintiff's motion for summary judgment and defendants' motion to dismiss. The Court,

having considered the supporting documentation and oral arguments presented by the parties, concludes that plaintiff lacks standing to maintain this action and the action therefore must be dismissed.

It is claimed that the five voting members of the FOMC serving pursuant to authority of 12 U.S.C. § 263(a), but without the advice and consent of the Senate, are acting unconstitutionally because they have not qualified in accordance with the requirements of the Appointments Clause, Article II, Section 2, of the Constitution of the United States. Plaintiff recognizes that he cannot establish his standing to sue as a citizen by asserting a generalized abstract injury of constitutional dimension. *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Nor does the Senator allege that he has suffered a personalized injury as an individual legislator, unaccompanied by harm to the institution of the Senate. *See Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Rather, he claims that the Senate by its approval of 12 U.S.C. § 263(a) has imposed an injury on its members, particularly plaintiff, whose committee assignments involve him directly in matters which concern the operation of the Federal Reserve System. Plaintiff's status as a litigant in this action rests, therefore, on his ability to establish his standing as a Congressman who has suffered an individual injury derivative of an injury to the interest of the Senate as a whole. *See Harrington v. Bush,* 180 U.S. App.D.C. 45, 553 F.2d 190 (D.C.Cir.1977); *Kennedy v. Sampson,* 167 U.S.App.D.C. 192, 511 F.2d 430 (D.C.Cir.1974).

Plaintiff has failed to satisfy this standard. Unlike the injured party in *Kennedy v. Sampson,* Senator Riegle's alleged injury does not stem from Executive action that frustrates an otherwise effective congressional enactment, nor does it impair his powers as a legislator in any manner that is not redressable by Congress. The legislative process continues to operate in unimpeded fashion; Congress' power to require additional FOMC membership criteria re-

mains clearly undiminished. *See Reuss v. Balles,* 584 F.2d 461, 467–68 (D.C.Cir.), *cert. denied,* 439 U.S. 997, 99 S.Ct. 598, 58 L.Ed.2d 670 (1978); *Harrington v. Bush, supra,* 553 F.2d at 199–200 n. 41. Congress enacted the relevant statutory provision over 40 years ago, it has had numerous opportunities to amend the statute since that time, and it retains the option to modify the statute today. Under these circumstances, it appears that Senator Riegle's injury is of a political nature, deriving solely from the acts or omissions of his colleagues and not in any way from the actions of the named defendants. *Reuss v. Balles, supra* 584 F.2d at 468. *See Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

Plaintiff's attempt to distinguish *Reuss v. Balles* by relying on the Senate's powers under the Appointments Clause is unavailing. The distinction plaintiff would have this Court draw wrongly focuses attention on the question of which chamber is the possessor of a given constitutional authority. What the Court must decide is whether or not a Congressman from either chamber has standing to challenge the constitutionality of a statutory provision on which he has failed to persuade his colleagues in the past and remains free to attempt persuasion in the future. The Court concludes that to confer standing upon such a Congressman without more would improperly interfere with the legislative process.

Accordingly, plaintiff's motion for summary judgment is denied; defendants' motion to dismiss is granted, and the action is hereby dismissed.

So ordered.